```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MICHAEL T. HOLMES,                                            :
                    Plaintiff,                                :
                                                              :
v.                                                            :     OPINION AND ORDER
                                                              :
                                                              :     19 CV 620 (VB)
YMCA OF YONKERS, INC., and JOHN/JANE                          :
DOES A THROUGH D,                                             :
                    Defendants.                               :
--------------------------------------------------------------x
```

Briccetti, J.:

    Plaintiff Michael T. Holmes brings this action against defendants YMCA of Yonkers, Inc. ("YMCA"), and John and Jane Does, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff also brings corresponding state law claims for age and gender discrimination under the New York State Human Rights Law ("NYSHRL").[1]

    Now pending is YMCA's motion to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. #8).[2]

    For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Plaintiff also purports to bring an age discrimination claim under Title VII. But "Title VII does not encompass claims for employment discrimination on the basis of age." Mabry v. Neighborhood Def. Serv., 769 F. Supp. 2d 381, 391 (S.D.N.Y. 2011) (citing Gen. Dynamics Land Sys., Inc. v. Cline, 540 U.S. 581, 586–87 (2004)). Thus, plaintiff's age discrimination claim under Title VII is dismissed.

[2] YMCA also moves to dismiss under Rule 12(b)(1), presumably based on its argument that plaintiff failed to exhaust his administrative remedies. However, "the failure of a Title VII plaintiff to exhaust administrative remedies raises no jurisdictional bar to the claim proceeding in federal court." Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 385 (2d Cir. 2015). Therefore, YMCA's motion properly is analyzed under Rule 12(b)(6).

1

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint, and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff, a 63-year-old African-American man, served as the president and chief executive officer (CEO) for YMCA beginning on November 21, 2016.

According to the complaint, during that time he "served Defendant with distinction" and "made significant achievements during his short tenure." (Doc. # 1 ("Compl.") ¶¶ 18–19). Nonetheless, YMCA's Board of Directors stopped responding to plaintiff after their May 2017 board meeting and began to "back channel communications with current and former staff." (Id. ¶ 19). Then, on September 21, 2017, without any written warning, notification, or performance-related discipline, or "any justification or reasonable or unreasonable basis," plaintiff was terminated. (Id. ¶ 20). Plaintiff alleges in doing so YMCA failed to follow standard practices or its own personnel policy or bylaws, and as of the filing of the complaint plaintiff had not received any explanation or documentation regarding his termination.

Plaintiff alleges he was replaced by his immediate predecessor, a person he describes as a "far younger and less experienced female," and that he had "considerably greater experience in senior level positions with for profit and nonprofit business entities." (Compl. ¶ 23). Thus, plaintiff asserts YMCA's only potential bases for terminating him were his age, gender, or both.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on May 1, 2018. The EEOC issued a "right-to-sue" letter on October 24, 2018. Plaintiff then filed a complaint with the New York State Division of Human Rights (the "NYSDHR") on November 20, 2018.

**DISCUSSION**

I.    <u>Standard of Review</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).[3] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>. (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 556).

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." <u>DiFolco v. MSNBC Cable L.L.C.</u>, 622 F.3d 104, 111 (2d Cir. 2010). In addition, the Court may consider materials subject to judicial notice, but not for the

---

[3]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

3

truth of their contents. Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008).[4]

II. Failure to Exhaust

YMCA argues plaintiff failed to exhaust his administrative remedies because, even though plaintiff received a right-to-sue letter from the EEOC, an administrative proceeding is still pending before the NYSDHR.[5]

The Court disagrees.

"Under both Title VII and the ADEA, a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter." Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001) (per curiam). "Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court." Id. "[T]he burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense." Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 491 (2d Cir. 2018). "Because the administrative exhaustion requirement is the same under the ADEA as it is under [Title VII], the same burden allocation applies to ADEA cases." Williams v. N.Y.C. Dep't of Educ., 2018 WL 4735713, at *5 (S.D.N.Y. Sept. 29, 2018) (citing Terry v. Ashcroft, 336 F.3d 128, 151 (2d Cir. 2003)).

In New York, a plaintiff must file a charge within 300 days of a defendant's alleged discriminatory acts before pursuing a Title VII claim in federal court. See 42 U.S.C. § 2000e–

---

[4] Both parties rely heavily, and improperly, on alleged "facts" from outside the complaint, largely asserted in their unsworn briefs. Except for those matters of which the Court may take judicial notice, the Court does not consider any of those alleged facts.

[5] Plaintiff inexplicably failed to respond to either this argument or YMCA's argument that plaintiff's state law claims should be dismissed.

5(e)(1); see also Pikulin v. City University of New York, 176 F.3d 598, 599 (2d Cir. 1999). "The charge may be filed with either the EEOC or the [NYSDHR]." Miller v. N.Y.C. Health & Hosp. Corp., 2004 WL 1907310, at *3 (S.D.N.Y. Aug. 25, 2004).

Here, plaintiff filed a charge with the EEOC and received a right-to-sue letter. The Court knows of no authority, and YMCA fails to cite any, suggesting that because plaintiff also filed a complaint with the NYSDHR, he must wait for that administrative proceeding to conclude before pursuing his federal claims.

Accordingly, plaintiff has sufficiently alleged he exhausted his administrative remedies.

III. Discrimination Claims

The Court also disagrees with YMCA's contention that plaintiff fails plausibly to state discrimination claims under Title VII or the ADEA.

Title VII prohibits an employer from discriminating "against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Similarly, the ADEA prohibits an employer from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). "ADEA claims are analyzed under the same framework as claims under Title VII." Massaro v. Bd. of Educ. of City Sch. Dist. of City of New York, 774 F. App'x 18, 21 (2d Cir. 2019) (summary order).

To state a Title VII or ADEA discrimination claim, a plaintiff must "allege two elements: (1) the employer discriminated against him (2) because of [a protected characteristic]." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015). "[A]t the pleadings stage of an employment discrimination case, a plaintiff has a minimal burden of alleging facts suggesting

5

an inference of discriminatory motivation." Id. Namely, "a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." Id. To plausibly allege an ADEA discrimination claim, a plaintiff also "must allege that age was the but-for cause of the employer's adverse action." Id. at 86.

"[T]he mere fact that a plaintiff was replaced by someone outside the protected class will suffice for the required inference of discrimination at the prima facie stage of the Title VII analysis." Zimmermann v. Assocs. First Capital Corp., 251 F.3d 376, 381 (2d Cir. 2001). Moreover, "a plaintiff's replacement by a significantly younger person is evidence of age discrimination." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 135 (2d Cir. 2000).

Plaintiff's pleading is sparse. Nonetheless, the complaint satisfies the minimal burden necessary to allege discrimination claims under Title VII and the ADEA. In particular, plaintiff alleges YMCA replaced him with a younger, less-experienced woman, and YMCA had no legitimate basis for terminating him. That is sufficient to "give plausible support to a minimal inference of discriminatory motivation" for both plaintiff's Title VII and ADEA discrimination claims. Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015).

Accordingly, plaintiff's Title VII and ADEA discrimination claims may proceed.

IV.  State Law Claims

However, the Court agrees with YMCA that plaintiff's state law claims must be dismissed.

The NYSHRL provides:

Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . and

6

such other remedies as may be appropriate . . . unless such person had filed a complaint hereunder or with any local commission on human rights.

N.Y. Exec. Law § 297(9). "Thus, by the terms of the statute and code, respectively, the [NYSHRL] . . . claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court." York v. Association of Bar of City of New York, 286 F.3d 122, 127 (2d Cir. 2002). "Furthermore, once a plaintiff brings a case before the NYSDHR, he or she may appeal only to the Supreme Court of State of New York." Id. In addition, "there is no question that the election-of-remedies provisions at issue here apply to federal courts as well as state." Id.

Here, plaintiff filed a complaint with the NYSDHR. Plaintiff's state law claims are therefore barred by the NYSHRL.

Accordingly, plaintiff's NYSHRL claims are dismissed.

## CONCLUSION

The motion to dismiss is GRANTED IN PART and DENIED IN PART.

Plaintiff's state law claims are dismissed. Plaintiff's Title VII gender discrimination claim and his ADEA age discrimination claim may proceed.

YMCA shall file an answer by January 21, 2020.

The Clerk is instructed to terminate the motion. (Doc. #8).

Dated: January 6, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge